Curia, per
O’Neall, J.
In this case, the finding of the jury has ascertained that the plaintiff sustained no actual injury from the erection of the defendants’s mill-dam. This reduces the case to the single point, whether the raising of the water in the channel of the creek, within the plaintiff’s land, gives him a right of action 1 The importance of the decision, in every point of view, has been duly felt by the court; and it is no little gratification to us, *446 that after two arguments, we have been able to approach as near unanimity as we have done.
There is, in general, no doubt that proprietors of land, through which streams of water flow, have the right to claim the benefit of the flow thereof; aqua currit, et debet currere ut currere solebat. Still, the precise application of the principle thus announced to all cases, is matter of great difficulty. The right to use water as it passes, is unquestionable, and its use is so essential, not only to the physical wants of man, but also to the purposes of agriculture and manufactures, that unnecessary restraints should by no means be imposed. .To free it from unnecessary restrictions, and, at the same time, to guard suitably the rights of proprietors, constitute the difficulty in laying down any general rule, which shall apply inflexibly to every case. Still, the general principle, that unless special damage be laid, and proved, the plaintiff cannot recover, seems to be of easy application to most of these cases. Yet there may be cases where, without stating and proving special damage, as where a stream is entirely diverted from the plaintiff’s land, he might recover. In cases for throwing back water in the channel of a stream, I think the party claiming to recover, must state, and prove, some special injury resulting from it, such as deepening and rendering dangerous a ford which he was accustomed to use, or drowning a shoal, which might be useful as a site for machinery, or preventing or retarding the operation of a mill or other machinery. This secures to the proprietor every reasonable benefit which he could expect to realize from the uninterrupted flow of the water. But it is urged, that the raising the water within the banks, is an incroachment upon the plaintiff’s domain, and for that he must recover. This is, J; seems to me, a mistake. The banks of a river are intended by the Creator as the means of restraining the stream within its proper limits. Upon them, the water rises and falls in its natural state; and, in general, they are of no use to the proprietor, beyond that which the Creator has assigned to them. When they are not, and cannot be, applied to any other valuable purpose, what injury is done to the proprietor by raising the water upon *447 them ? None. If there be no injury, in an action on the case there is no title to recover. If trespass could be maintained, then, it is true, any touching the soil, against the will of the owner, without the warrant of law, would be a technical trespass, and might entitle the plaintiff to a verdict. But, in case, for throwing water back in a stream, there is no such technical legal right. The defendants’s act is lawful, the erection of a dam on their own land; but still, the right to the use of one’s own, is not unlimited — it is subject to the rule “sic utere tuo, ut aliemim non laidas? The gravamen of the action on the case is, that the plaintiff, in the exercise of this common right by the defendants, has sustained injury ; if he fails to shew it, his action is gone. If, however, the plaintiff can shew that his banks are so shelving that they could be, and would be, used for agricultural purposes, then the flooding them would be, like the flooding the rest of his land, a plain injury-; or if he was using them for any practical purpose, such as a landing, a bridge, or for machinery, or for flowing or irrigating fields, and the defendants’s dam in any way abridged or endangered this use, this would be an actual injury, for which the plaintiff might recover. But when the plaintiff stands, as this plaintiff does, upon a supposed legal right to recover for raising the water in the channel, without showing any actual injury, I think it is clear that he cannot recover. The very foundation of his action, case, is gone, when the actual injury does not appear. This is, I think, the result of all the cases. To begin with our own — in Omelvany vs. Jaggers, 2 Hill, 634, the action was for throwing back the water, so as to drown a shoal, where the plaintiff (subsequently to one erected by defendant below,) erected a mill. In that case, in one part of it, Chancellor Harper says, “though the water still remains within its natural channel, being only raised to a greater height upon the banks, yet still it is, in strictness, an invasion of the proprietor’s soil, over which, on general principles of law, he has the exclusive right of dominion.” This expression, standing isolated, would be directly contrary to what I have advanced ; but it did not enter into the mind of the judge to say, that *448 this invasion of an abstract legal right, without injury to the plaintiff, would be a foundation on which the action on the case could be sustained. He would not have felt himself justified in affirming that, no more than he would to have said that an action would lie against a boatman for sticking his pole into the plaintiff's bank, or throwing his boat hook over the plaintiff’s trees, in ascending or descending a river — or against a huntsman for walking or riding over uninclosed lands. His own understanding of the rule in the class of cases under consideration, had been previously given. He is speaking of diverting and throwing back water in the channel. “In neither case,” says he, “can an action be sustained; at all events, no damages can be recovered, until the party has applied the water, or been prevented from applying it, to a useful purpose.”
In Haymes vs. Gault, 1 McC. 543, the action was for diverting the water from a shoal, pf which the plaintiff had the right to half. The court there, against the opinion of Johnson and Gantt, held that an injury had been shewn, and that a nonsuit, which had been granted, should be set aside, and the case sent down, to inquire what damages the plaintiff had sustained. If the jury, in that case, had found there was no damage, the court would hardly, on their own principles stated in the case, have interfered.
In Wright vs. Howard, 1 Eng. Con. Ch. R. 102, the Vice Chancellor, Sir John Leach, states the very rule which I have already laid down. He said, “it appears to me, that no action will lie for diverting or throwing back water, except by a person who sustains an actual injury.” In Williams vs. Morland, 9 Eng. C. L. R. 269, the action was for partially diverting water; it was held that the plaintiff was bound to allege, and prove, an actual injury from the erection of a dam. In 3 Kent, (5 edit.) 440, Chancellor Kent, after an examination of all the cases, states the law as follows. “All the law requires of the party by or over whose land a stream passes, is, that he should use the water in a reasonable manner, and so as not to destroy, or render useless, or materially diminish or affect the application of the water by the proprietors *449 above or beloio on the stream.” This is, in substance, the same principle which has been stated. For, when the proprietor below uses the water without injury to the proprietor above, he has used it in a reasonable manner. So, in Tyler et al. vs. Wilkinson et al. 4 Mason’s C. C. Rep. 397, Judge Story, in speaking of the right of the proprietor to have the uninterrupted flow of the water, says, “ when I speak of this common right, I dont mean to be understood as holding the doctrine, that there can be no diminution whatsoever, and no obstruction or impediment whatsoever, by a riparian proprietor, in the use of the water as it flows; for that would be to deny any valuable use of it. There may be, and there must be, allowed of that which is common to all, a reasonable use. The true test of the principle and extent of the use is, whether it is to the injury of the other proprietors or not.” In Cowell vs. Thayer, 5 Met. 256, C. J. Shaw, speaking of past decisions in Massachusetts, says, “several points must be considered as settled. The owner of the land over which there is a running stream, has a right to the use of the natural flow of the stream, to be reasonably used for mill purposes. No proprietor of land, on the same stream, has a right to divert the water or change the use of it, (independently of the statute right of flowing upon payment of damage) to the injury of'any other proprietor.” In Davis vs. Fullers, 12 Vermont Rep. 191, Collamer, J. says, “whenever this right, (the right of an owner to the natural flow of the stream) is encroached upon by obstructions or perversions, above or below, and actual injury ensues, to any material amount, an action accrues.” So in Cooper vs. Hall, 5 Ohio Rep. 322, in case of water flowed back in the bed of a stream, it was held that no action lies, unless some damage be sustained. After such an array of English and American authorities, it does seem to me that this case, looking to the principle on which it has been rested here, is free from all difficulty; and were it not that my brother Evans, (who tried it on the circuit, and in whose opinion I place so much confidence) still maintains the doctrine, that any flow of the water, occasioned by the darn of the defendants, on the *450 bank of the stream within the plaintiff’s land, is enough to sustain the action, I should be disposed to say, the point is conclusively settled. From respect for him, I would add, that such a doctrine as that for which he contends, would destroy the practical use of every stream in the State for mill purposes, or the purposes of machinery, unless a right, by prescription, could be shewn. Unless we had been constrained by authority to adopt a conclusion from which such ruinous consequences would flow, no one certainly would desire it. That authority is not in our way, has been shewn. The proprietory right of him over whose land a stream flows, is not, it seems to me, at all'invaded. He is told, the moment an injury accrues, with it your action accrues. But he is also told, you are not protected, in that churlish assertion of exclusive dominion over a common blessing, which would deprive another of the use of it, in a respect in which you cannot use it, and which does not injure you. If society could permit such exclusive dominion, it would not be worth the trouble of instituting it. Its. whole object, end and aim, is, by law, to protect every one in the enjoyment of life, liberty, and property, on just and reasonable principles. The motion is dismissed.
IIichardsoN, Butler, Wardlaw and Frost, JJ. concurred.